AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**United States District Court**

District: Northern District of Ohio, Eastern Division

Name: Daniel Grant
Prisoner No: A-494-579

Case No: 1:08CV0815
JUDGE LIOI
MAG. WHITE

Place of Confinement: Mansfield Correctional Institution
1150 North Main Street, P.O. Box 788
Mansfield, Ohio 44901-0788

Name of Petitioner (include name under which convicted): Daniel Grant

Name of Respondent (authorized person having custody of petitioner): Stuart Hudson, Warden

V.

The Attorney General of the State of: Ohio, Marc Dann, Corrections Litigation Section
150 East Gay Street, Columbus, Ohio 43215

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Cuyahoga County Court of Common Pleas, Criminal Case Number; CR-464642

2. Date of judgment of conviction: October 13, 2006

3. Length of sentence: Twenty-Eight to Life ( 28 to Life )

4. Nature of offense involved (all counts): Fourteen Count Indictment, Four Counts Aggravated Murder, Two Counts Attempted Murder, Two Counts Aggravated Burglary, and Six Counts of Aggravated Robbery, see Indictment.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  Eighth District Court of Appeals for Cuyahoga County, Case No. 87556

   (b) Result  Convictions Affirmed

   (c) Date of result and citation, if known  April 9, 2007.

   (d) Grounds raised  1. Trial Court denied Petitioner his rights to a public trial, 2. Trial Court denied Petitioner his rights to a public trial, see Appellants Brief.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court  Ohio Supreme Court, Case No. 07-1081

   (2) Result  Delayed Appeal Granted, but no Memorandum in Support of Jurisdiction was than filed, also see Ground One of Petition.

   (3) Date of result and citation, if known  _____

   (4) Grounds raised  Petitioner was mislead into thinking that his Appellate Counsel was going to perfect that Appeal, which than prevented him from completing it.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court  None Filed.

   (2) Result  _____

   (3) Date of result and citation, if known  _____

   (4) Grounds raised  _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  Eighth District Court of Appeals, Case No. 87556

    (2) Nature of proceeding  Motion for the Enlargement of Time to File Application for Reopening of Appeal, Ohio Appellate Rule's 14(B) and 26(B).

    (3) Grounds raised  Requested further time, due to denial of access to trial Transcript, and other related Documents.

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result  <u>Denied, thereby, denying the Petitioner the right to file that Application.</u>

(6) Date of result  <u>July 13, 2007.</u>

(b) As to any second petition, application or motion give the same information:

(1) Name of court  <u>None Filed</u>

(2) Nature of proceeding  _____

_____

(3) Grounds raised  _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result  _____

(6) Date of result  _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐   No ☒
(2) Second petition, etc.   Yes ☐   No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

<u>Petitioner has been denied the Constitutional right to frame and present any</u>

<u>Constitutional Claims to the Ohio Courts, due to the States Conduct.</u>

<u>Denial of Access to the Trial Transcript, and Unfair Postage and Copy Practices.</u>

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
<u>CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __Petitioner was denied meaningful access to the Ohio Courts, Also see attached Page Number's 8 to 12.__

Supporting FACTS (state *briefly* without citing cases or law) __Please see attached Page Number's 8 to 12, for facts of this Federal Rights Violation.__

B. Ground two: __None Presented.__

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

AO 241 (Rev. 5/85)

C. Ground three: __None Presented__

Supporting FACTS (state *briefly* without citing cases or law): _____

D. Ground four __None Presented__

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

    Petitioner's Ground One was not presented to the Ohio Supreme Court because the Cuyahoga County Clerk of Courts office for the Eighth District Court of Appeals sends Prisoners some kind of Postcard aletting them of a Ruling, not the Courts Journal Entry, and the Clerk of Courts for the Ohio Supreme Court will not accept it.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing __None__

    (b) At arraignment and plea __John B. Gibbons, 2000 Standard Building,__ 1370 Ontario Street, Cleveland, Ohio 44113.

AO 241 (Rev. 5/85)

   (c) At trial __John B. Gibbons and Edward M. Mullin.__

   (d) At sentencing __John B. Gibbons and Edward M. Mullins.__

   (e) On appeal __Jeffry F. Kelleher 1540 Leader Building, 526 Superior Avenue, Cleveland, Ohio 44114, Robert A. Dixon 4403 St. Clair Avenue, Cleveland, Ohio 44113__

   (f) In any post-conviction proceeding __No Attorney Assigned__

   (g) On appeal from any adverse ruling in a post-conviction proceeding __Pro se__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                          _/s/ Daniel Grant_      Pro se
                                                          Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__3-27-08__
   (date)

                                                       _/s/ Daniel Grant_
                                                          Signature of Petitioner

<u>Ground One</u>: PETITIONER WAS DENIED MEANINGFUL ACCESS TO THE OHIO REVIEWING COURTS WHEN, 1. HE WAS DENIED ACCESS TO A COPY OF HIS TRIAL TRANSCRIPT FOR THE PURPOSE OF FRAMING AND PRESENTING CONSTITUTIONAL CLAIMED VIOLATIONS TO THE OHIO COURTS, 2. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAIL HIS LEGAL FILINGS OUT OF THE PRISON, AND 3. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAKE THE APPROPRIATE NUMBER OF COPIES OF HIS LEGAL FILINGS NEEDED TO PREFECT HIS STATE COURT FILINGS

As the Petitioner is faced with the very same finial problem as every other Prisoner in an Ohio Prison, and in this case was also denied a copy of his trial transcript simply because he could not pay the Clerk of Courts office for a copy and the costs of postage for the Clerk to send him a copy of his trial transcript.

Wherefore, this Court must now declare the practices used against this Petitioner and various other Ohio Prisoners, to be fundamentally unfair and a violation of the prior United State Supreme Court Opinions that would indeed cover the factual predicate of the Petitioners Claim. As,

1. The Petitioner requested but was never afforded access to a copy of his trial transcript for the purpose of perfecting a timely filed Application for Reopening of Appeal, <u>Ohio Appellate Rule 26(B)</u>.

As this Court will find that the Petitioner filed a Motion for Extension of time to file his Pro se Application for Reopening of Appeal before the Eighth District Court of Appeals for Cuyahoga County, Ohio, Appeal Court Case Number; 87556. As the Petitioner alerted the Ohio Court of Appeals that he was still trying to gain access to a copy of his trial transcript to perfect that Application, but the Court of Appeals simply

(8)

denied that request, thereby, denying the Petitioner the constitutional right to file any constitutional claims before the Ohio Reviewing Courts. Please see Journal Entry Dated; April 9, 2007.

Plus to compound that federal constitutional right violation the Cuyahoga County Clerk of Courts office for the Eighth District Court of Appeals sent the Petitioner some sort of Postcard informing him of the decision, but did not send him the Journal Entry, thereby, denying him the right to file an Appeal before the Ohio Supreme Court. As the Clerk of Courts office for the Ohio Supreme Court will not accept the Postcard form notice, and simply returns the filing back to the Petitioner.

Wherefore, a review of the United States Supreme Courts prior opinions of the rights of a prisoner to access to a states reviewing courts all openly reject any such practice.

Whereas, this Court must now declare that the Eighth District Court of Appeals must provide a Prisoner access to a copy of his trial transcript for the purpose of perfecting constitutional claims before that Court.

2. This Court will further find that the Mansfield Correctional Institution will not process any out-going legal mail from a Prisoner without the Prisoner having the funds in his Prison Account to cover the cost of postage for that legal filing.

As Ohio Prisoners do not have the same access to the Ohio and Federal reviewing Courts as State Prisoners and as Respondent has. As the use of Electronic Filing's, which do not require postage, are not made available to Prisoners in any Ohio Prisons. Yet, at this time in history one would assume that would be fundamentally unfair, and undermine the ability of a Prisoner to pursue State Court and Federal Appellate Procedures.

Whereas, such a practice must now be declared to be unconstitutional

(9)

and violate the Prisoners constitutional rights to meaningful access to the reviewing courts. As State Lawyer's should not be given the upper hand in every Ohio Court and in the Federal Courts, as the costs of postage are indeed shown to be substantial these days, and a burden Ohio Prisoner's should not have placed in their paths to litigating their constitutional arguments.

As Respondent cannot possibly argue that they do not have an upper hand, and Respondent cannot possibly argue that their is a single Ohio Court that does not now have an Electronic Filing System, or that their office does not use that system in every case they represent the State of Ohio in. So Respondent must than argue that such a System would somehow violate the security of an Ohio Prison if such a system was declared to be mandatory in all cases.

But that argument would fall flat on its face, as Prisoners have C.D. Players, and there are Computers in every Prison and in every housing unit these days. Plus the Law Library here at the Mansfield Prison has Computers for Prisoners use, but, Electronic Filings are not available on that System, but should clearly be made possible.

Wherefore, this Court must declare the Ohio Prison's denial of access to Electronic Filings and its use of postage to be unconstitutional as a matter of federal constitutional law.

3. This Court will further find that the Mansfield Correctional Institution also requires a Prisoner to have the funds in his Prison Account before he will be allowed to make the appropriate number of copies needed to perfect any filing before the Ohio Courts and before the Federal Courts.

Whereas, that practice also compounds the lack of an Electronic Filing

(10)

System, and unfairly burdens a Prisoner with substantial costs that Respondent does not have to pay.

So do Ohio Prisoners have meaningful access to the Ohio and Federal reviewing Courts, as there is no person in this land being subjected to such an unfair and unconstitutional process other than a Prisoner theses days.

As Courts must be open to all persons, and must be open in the very same manner no matter if the person is a prisoner or not.

Wherefore, after due consideration this Court must now declare that the practice of requiring a Prisoner to pay such substantial unwarranted costs, just to raise a constitutional claim is indeed a violation of their Federal Constitutional rights.

## CONCLUSION

This Petition raises some very valid federal constitutional concerns, and the Eighth District Court of Appeals for Cuyahoga County, Ohio has a long standing practice of denying a State Prisoner access to the trial transcript once the Court issues an Opinion in a direct Appeal, and further compounds that constitutional concern with the use of some sort of Postcard that is sent to Prisoners alerting them of a decision on their Pro se filings. As the Clerk of Courts for the Ohio Supreme Court will not accept that as a formal Ruling/Journal Entry and/or Opinion, which is required to be attached to the Memorandum in Support of Jurisdiction. Whereas, that procedural snarl is without question being created by the Cuyahoga County Clerk of Courts office, and should be excused in this case and any other case in which that procedural concern becomes an issue.

As the instant Petition contains, 1. A Denial of Access to the Trial

(11)

Transcript by the State, 2. An Unfair Postage requirement, and 3. A lack of a more proper filing system for Ohio Prisoners.

Wherefore, after due consideration those Three (3) Arguments openly establish a clear violation of Federally protected Constitutional rights as determined by the United States Supreme Court is cases similar to this one and dealing with the same factual predicate as Petitioners.

Therefore, this honorable Court must than come to the sole conclusion that the Ohio Department of Corrections must now create an Electronic Filing System that Prisoners can use to perfect their filings before the Ohio Courts and before the Federal Courts, and must further find that the Petitioners Petition has merit and that relief should be granted.