IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GRANT | * | CIVIL CASE NUMBER: |
| Petitioner | * | _____ |
| -VS- | * | |
| STUART HUDSON, WARDEN | * | Federal Judge _____ |
| Respondent | * | Magistrate Judge _____ |

---

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS RELIEF

28 U.S.C. §2254

---

Now comes the Petitioner Daniel Grant Pro se to respectfully submit his Memorandum in Support of his Petition for Habeas Corpus Relief which is being presented before this honorable Court pursuant to 28 U.S.C. §2254 to establish that the Petitioners Federal Constitutional rights were violated in the Ohio Courts.

Wherefore, this honorable Court will now find clear and good cause shown in the attached Memorandum in Support, made part herein, to now grant the Petitioner the appropriate relief in this matter.

                                Respectfully submitted,

                        By: *Daniel Grant* _____

                                Daniel Grant, Petitioner Pro se

                                Mansfield Correctional Institution

                                A-494-579  P.O. Box 788

                                Mansfield, Ohio 44901-0788

Original Copy

TABLE OF CONTENTS

Pro se Status ................................... Presented at Page   1


Cause and Prejudice .................................................. 1-3


Evidentiary Hearing .................................................. 3-4


Ground One

        PETITIONER WAS DENIED MEANINGFUL ACCESS TO THE OHIO REVIEWING COURTS WHEN, 1. HE WAS DENIED ACCESS TO A COPY OF HIS TRIAL TRANSCRIPT FOR THE PURPOSE OF FRAMING AND PRESENTING CONSTITUTIONAL CLAIMED VIOLATIONS TO THE OHIO COURTS, 2. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAIL HIS LEGAL FILINGS OUT OF THE PRISON, AND 3. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAKE THE APPROPRIATE NUMBER OF COPIES OF HIS LEGAL FILINGS NEEDED TO PERFECT HIS STATE COURT FILINGS ....... 4-7


Conclusion ........................................................... 7-8


Certificate of Service ............................................... 9

MEMORANDUM IN SUPPORT

Pro se Status

Petitioner is a layperson of the law and has limited access to legal materials whereas this honorable Court should than liberally construe Petitioners arguments and filings under the appropriate standard as defined by the United States Supreme Court in, Boag v McDougall (1982), 454 U.S. 364; Franklin v Rose, 765 F.2d 82, 85 (6th Cir. 1985).

Standard of Review

Petitioner's Petition should be reviewed under the standard of 28 U.S.C. §2254(d)(1) and §2254(d)(2), please see Williams v Taylor (2000), 120 S.Ct. 1495. As this Court will find that the Ohio Courts have acted in a contrary to manner when considering the Petitioners requests and/or arguments, than the conclusions reached by the United States Supreme Court on factual predicates the same as the Petitioners.

Wherefore, this Court will than come to the sole conclusion that the Ohio Courts actions and rulings are contrary to, and involve an unreasonable application of clearly established standards of Federal Constitutional Case Law, thereby, requiring that the Petitioner be afforded the appropriate legal and/or constitutional relief such violations of his constitutional rights now require.

Cause and Prejudice

This Court will find that the Petitioners Claim for relief has some procedural problems, whereas, the Petitioner would than ask the Court to excuse those procedural problems under the Cause and Prejudice Standard, see Coleman v Thompson (1991), 501 U.S. 722, 750, Murray v Carrier (1986), 477 U.S. 478, 485, Wainwright v Sykes (1977), 433 U.S. 72, 87-88.

As the cause for those procedural problems clearly fall at the feet of

State Court Governmental officials, and must now be declared as ' some kind of external factor to the defense which impeded Petitioners efforts to comply with the States procedural rules'. For, 1. Petitioner was never afforded any access whatsoever to a copy of his Trial Transcript, 2. Was sent a Postcard alerting him of the Ruling on his request for extra time to file his Application for Reopening of Appeal, and the Ohio Supreme Courts Clerk will not accept that Postcard as a copy of the Ruling being Appealed, 3. The Petitioner is not permitted to mail any legal filing out of the Mansfield Correctional Institution without having the funds in his prison account to cover those costs, and 4. Petitioner is not permitted by Mansfield Prison officials to make copies of legal documents without having those funds in his prison account.

Wherefore, this Court must now ' excuse those procedural problems by imputing them to the State '. As there is simply no question whatsoever that State Court Governmental officials are solely responsible for placing those procedural snarls in the petitioners path.

And <u>Prejudice</u>, is clearly established by the fact that the Petitioner has not been given ' a meaningful manner of presenting any constitutional claims to the Ohio reviewing Courts as the direct result of conduct well beyond his control', thereby, allowing this Court to than reach the merits of his single Ground for Relief, Ground One of Petition.

Plus, as raised in the Petitioners Ground One it is simply shown to be self-evident that Ohio Prisoner's, such as Petitioner are not being afforded any meaningful access to the Ohio Courts and the Federal Courts.

As a Prisoner could overcome the problems of obtaining portions of his State Court Records and in this case a copy of his Trial Transcript if the Ohio Department of Corrections would simply create an Electronic

(2)

Filing System that would allow a member of their staff to download those documents, records and transcripts upon request of a Prisoner. Plus the very same Electronic System would also remove all the substantial costs of making copies and postage from Ohio Prisoners who are pursuing remedies in the Ohio and Federal Courts.

Plus the Mansfield Correctional Institution also has a policy that states " That a Prisoner may not receive more than Five (5) Pages of Legal Material in the Mail, unless it comes from an Attorney or a Clerk of Courts office ". So a Prisoners own family cannot even obtain Documents, Records and Transcripts to than send the Prisoner for the sole purpose of pursuing Constitutional Claims in the Ohio and Federal Courts.

And the Mansfield Correctional Institutional also has a policy of requiring a " Prisoner to maintain their Legal Material as part of their overall 2.4 cubic feet of personal property ".

Wherefore, it's now clear time this Court truly investigated the policy's being used against Prisoners who pursue their Appellate rights, and than declare if the Department of Corrections indeed does afford them meaningful access to the Ohio and Federal reviewing Courts.

Evidentiary Hearing

As the United States Supreme Court has held ' that the federal judiciary must resolve factual disputes material to a claim appropriately raised by a habeas corpus petition and that resolution of factual disputes requires an evidentiary hearing in most cases ', <u>Townsend v Sain (1963), 372 U.S. 293</u>.

As the Petitioner should be afforded a full and fair opportunity to have his federal constitutional claim's heard on their merit, given the lack of such a constitutionally required process in the State Courts,

(3)

<u>Riley v Gray, 674 F.2d 522, 526 (6th Cir. 1982)</u>.

Wherefore, the factual predicate of the Petitioners Ground One of his Petition now makes the holding of an evidentiary hearing mandatory in this matter, so that factual disputes can than be properly resolved and considered by the Court while considering the merit of the Petitioners Constitutional arguments and/or Claim.

<u>Ground One</u>: PETITIONER WAS DENIED MEANINGFUL ACCESS TO THE OHIO REVIEWING COURTS WHEN, 1. HE WAS DENIED ACCESS TO A COPY OF HIS TRIAL TRANSCRIPT FOR THE PURPOSE OF FRAMING AND PRESENTING CONSTITUTIONAL CLAIMED VIOLATIONS TO THE OHIO COURTS, 2. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAIL HIS LEGAL FILINGS OUT OF THE PRISON, AND 3. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAKE THE APPROPRIATE NUMBER OF COPIES OF HIS LEGAL FILINGS NEEDED TO PREFECT HIS STATE COURT FILINGS

As the Petitioner is faced with the very same finial problem as every other Prisoner in an Ohio Prison, and in this case was also denied a copy of his trial transcript simply because he could not pay the Clerk of Courts office for a copy and the costs of postage for the Clerk to send him a copy of his trial transcript.

Wherefore, this Court must now declare the practices used against this Petitioner and various other Ohio Prisoners, to be fundamentally unfair and a violation of the prior United State Supreme Court Opinions that would indeed cover the factual predicate of the Petitioners Claim. As,

1. The Petitioner requested but was never afforded access to a copy of his trial transcript for the purpose of perfecting a timely filed Application for Reopening of Appeal, <u>Ohio Appellate Rule 26(B)</u>.

(4)

As this Court will find that the Petitioner filed a Motion for Extension of time to file his Pro se Application for Reopening of Appeal before the Eighth District Court of Appeals for Cuyahoga County, Ohio, Appeal Court Case Number; 87556. As the Petitioner alerted the Ohio Court of Appeals that he was still trying to gain access to a copy of his trial transcript to perfect that Application, but the Court of Appeals simply denied that request, thereby, denying the Petitioner the constitutional right to file any constitutional claims before the Ohio Reviewing Courts. Please see Journal Entry Dated; April 9, 2007.

Plus to compound that federal constitutional right violation the Cuyahoga County Clerk of Courts office for the Eighth District Court of Appeals sent the Petitioner some sort of Postcard informing him of the decision, but did not send him the Journal Entry, thereby, denying him the right to file an Appeal before the Ohio Supreme Court. As the Clerk of Courts office for the Ohio Supreme Court will not accept the Postcard form notice, and simply returns the filing back to the Petitioner.

Wherefore, a review of the United States Supreme Courts prior opinions of the rights of a prisoner to access to a states reviewing courts all openly reject any such practice. See <u>Bounds v Smith (1977), 430 U.S. 817, 828; Smith v Bennett (1961); 365 U.S. 708</u>.

Whereas, this Court must now declare that the Eighth District Court of Appeals must provide a Prisoner access to a copy of his trial transcript for the purpose of perfecting constitutional claims before that Court.

2. This Court will further find that the Mansfield Correctional Institution will not process any out-going legal mail from a Prisoner without the Prisoner having the funds in his Prison Account to cover the cost of postage for that legal filing.

(5)

As Ohio Prisoners do not have the same access to the Ohio and Federal reviewing Courts as State Prisoners and as Respondent has. As the use of Electronic Filing's, which do not require postage, are not made available to Prisoners in any Ohio Prisons. Yet, at this time in history one would assume that would be fundamentally unfair, and undermine the ability of a Prisoner to pursue State Court and Federal Appellate Procedures.

Whereas, such a practice must now be declared to be unconstitutional and violate the Prisoners constitutional rights to meaningful access to the reviewing courts. As State Lawyer's should not be given the upper hand in every Ohio Court and in the Federal Courts, as the costs of postage are indeed shown to be substantial these days, and a burden Ohio Prisoner's should not have placed in their paths to litigating their constitutional arguments. See Bounds at 828.

As Respondent cannot possibly argue that they do not have an upper hand, and Respondent cannot possibly argue that their is a single Ohio Court that does not now have an Electronic Filing System, or that their office does not use that system in every case they represent the State of Ohio in. So Respondent must than argue that such a System would somehow violate the security of an Ohio Prison if such a system was declared to be mandatory in all cases.

But that argument would fall flat on its face, as Prisoners have C.D. Players, and their are Computers in every Prison and in every housing unit these days. Plus the Law Library here at the Mansfield Prison has Computers for Prisoners use, but, Electronic Filings are not available on that System, but should clearly be made possible.

Wherefore, this Court must declare the Ohio Prison's denial of access to Electronic Filings and its use of postage to be unconstitutional as a

(6)

matter of federal constitutional law. See <u>Bounds at [3-6] 824-825</u>.

    3. This Court will further find that the Mansfield Correctional Institution also requires a Prisoner to have the funds in his Prison Account before he will be allowed to make the appropriate number of copies needed to perfect any filing before the Ohio Courts and before the Federal Courts.

Whereas, that practice also compounds the lack of an Electronic Filing System, and unfairly burdens a Prisoner with substantial costs that Respondent does not have to pay. See <u>Bounds at [3-6] 824-825</u>.

So do Ohio Prisoners have meaningful access to the Ohio and Federal reviewing Courts, as there is no person in this land being subjected to such an unfair and unconstitutional process other than a Prisoner theses days.

As Courts must be open to all persons, and must be open in the very same manner no matter if the person is a prisoner or not, see <u>Bounds at 828</u>.

Wherefore, after due consideration this Court must now declare that the practice of requiring a Prisoner to pay such substantial unwarranted costs, just to raise a constitutional claim is indeed a violation of their Federal Constitutional rights.

## CONCLUSION

This Petition raises some very valid federal constitutional concerns, and the Eighth District Court of Appeals for Cuyahoga County, Ohio has a long standing practice of denying a State Prisoner access to the trial transcript once the Court issues an Opinion in a direct Appeal, and further compounds that constitutional concern with the use of some sort of Postcard that is sent to Prisoners alerting them of a decision on

(7)

their Pro se filings. As the Clerk of Courts for the Ohio Supreme Court will not accept that as a formal Ruling/Journal Entry and/or Opinion, which is required to be attached to the Memorandum in Support of Jurisdiction. Whereas, that procedural snarl is without question being created by the Cuyahoga County Clerk of Courts office, and should be excused in this case and any other case in which that procedural concern becomes an issue.

As the instant Petition contains, 1. A Denial of Access to the Trial Transcript by the State, 2. An Unfair Postage requirement, and 3. A lack of a more proper filing system for Ohio Prisoners.

Wherefore, after due consideration those Three (3) Arguments openly establish a clear violation of Federally protected Constitutional rights as determined by the United States Supreme Court is cases similar to this one and dealing with the same factual predicate as Petitioners.

Therefore, this honorable Court must than come to the sole conclusion that the Ohio Department of Corrections must now create an Electronic Filing System that Prisoners can use to perfect their filings before the Ohio Courts and before the Federal Courts, and must further find that the Petitioners Petition has merit and that relief should be granted.

Respectfully submitted,

By; *Daniel Grant*

Daniel Grant, Petitioner Pro se

(8)

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Memorandum in Support of Petition for Habeas Corpus Relief, and a copy of the Petition was sent by regular U.S. Mail, postage prepaid, to Counsel for Respondent, Marc Dann the Ohio Attorney General at the Corrections Litigation Section, 150 East Gay Street, Columbus, Ohio 43215 on this 27th Day of March 2008.

By: *Daniel Grant*

Daniel Grant, Petitioner Pro se

Mansfield Correctional Institution

A-494-579 P.O. Box 788

Mansfield, Ohio 44901-0788