FILED

2008 AUG -7 PM 12: 0[?]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GRANT | * | CIVIL CASE NUMBER: |
| Petitioner | * | 1:08 CV 815 |
| -VS- | * | |
| STUART HUDSON, WARDEN | * | Federal Judge Lioi |
| Respondent | * | Magistrate Judge White |

---

PETITIONERS TRAVERSE AND/OR RESPONSE

28 U.S.C. §2248

---

Now comes the Petitioner Daniel Grant Pro se to respectfully submit his Traverse and/or Response to Respondent's Return of Writ filed before this honorable Court on July 10, 2008, pursuant to 28 U.S.C. §2248.

Wherefore, this honorable Court will now find clear and good cause shown in the attached Memorandum in Support, made part herein, to now grant the Petitioners Petition for Habeas Corpus Relief.

Respectfully submitted,

By: _Daniel D Grant_

Daniel Grant, Petitioner Pro se

Mansfield Correctional Institution

A-494-579  P.O. Box 788

Mansfield, Ohio 44901-0788

MEMORANDUM IN SUPPORT

Now comes the Petitioner to timely present his Traverse and/or Response to Respondents Answer/Return of Writ filed before the Court on July 10, 2008. As the purpose of a Traverse to allow the Petitioner the right to dispute the presumption of correctness afforded Respondents Answer to the Petitioners Petition, see 28 U.S.C. §2248.

As the Petitioner presented One (1) Ground in his Petition that read as follows,

PETITIONER WAS DENIED MEANINGFUL ACCESS TO THE OHIO REVIEWING COURTS WHEN, 1. HE WAS DENIED ACCESS TO A COPY OF HIS TRIAL TRANSCRIPT FOR THE PURPOSE OF FRAMING AND PRESENTING CONSTITUTIONAL CLAIMED VIOLATIONS TO THE OHIO COURTS, 2. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAIL HIS LEGAL FILINGS OUT OF THE PRISON, AND 3. WAS REQUIRED TO HAVE THE FUNDS IN HIS PRISON ACCOUNT BEFORE HE COULD MAKE THE APPROPRIATE NUMBER OF COPIES OF HIS LEGAL FILINGS NEEDED TO PERFECT HIS STATE COURT FILINGS

And it is the argument of Petitioner that his sole Ground for Relief should be considered by the Court under the standard set by the United States Supreme Court in Bounds v Smith (1977), 430 U.S. 817, Syllabus 818, [1] and [2] 821-824,[3-6] 824-825, [7] 825, [8] 825-827, III 832.

And contrary to Respondents whole response, the Federal Constitutional Question of " was the Petitioner denied meaningful access to the Ohio Courts ", is properly presented to this Court under Habeas Corpus, Bounds at III 832.

Whereas, the Petitioner now presents the following arguments to establish that Respondents Answer in not correct and should not be presumed to be correct by the Court.

(1)

1. RESPONDENT CANNOT CLAIM THAT THE PETITIONERS APPELLATE COUNSEL WAS EVER GIVEN A COPY OF THE TRIAL TRANSCRIPT, AS THAT QUESTION HAS NOT BEEN RESOLVED IN THE OHIO COURTS

As Respondent claims that the Petitioner is not entitled to a second copy of the trial transcript, claiming that the Petitioners Appellate Counsel was given a copy of the transcript.

Plus Respondent makes that claim, without even filing the Petitioners trial transcript before this Court, see List of Exhibit's filed by Respondent in this matter.

Therefore, without a copy of the trial transcript being filed before this Court, the Court cannot answer the more important question of, are there substantial constitutional rights violations reflected within that transcript that did not get presented on direct Appeal.

As Petitioner does not know if his Appellate Counsel kept a copy of the trial transcript or not, as he simply knows he has never been provided a copy of the trial transcript.

And given the undisputed fact that the Petitioner has never had a copy of that trial transcript, he cannot tell this Court just what possible constitutional right violations are in need of an Appellate review.

As that is an unanswered " Question of Fact " that can only be resolved by an " Evidentiary Hearing " as required by Rule 8 of Section 2254 Habeas Corpus. Also see, Townsend v Sam (1963), 372 U.S. 293, 309, 319. And also see, Riley v Gray, 674 F2d 522, 526 (6th Cir. 1982).

Whereas, Petitioner now moves the Court to conduct that " Mandatory Evidentiary Hearing ", and to assign him Counsel for the purpose of that evidentiary hearing, so that his former Appellate Counsel can testify as to why the Petitioner was never afforded any access whatsoever to a copy

(2)

of his Trial Transcript.

As it is simply shown to be self-evident that Petitioner has been denied the constitutional right to pursue " whatever constitutional right violations may be established within the trial transcript ", and it's also shown to be self-evident that Petitioners former Appellate Counsel played a role in the denial of access to that trial transcript. So those unresolved questions of fact, clearly apply to the question of was Appellate Counsel willfully ineffective for not providing the Petitioner with that critical ability.

Wherefore, this Court cannot possibly resolve the Petitioners Petition without first hearing from the Petitioners former Appellate Counsel, thereby, making the Evidentiary Hearing Mandatory in this matter.

2. RESPONDENT CANNOT ARGUE THAT THE PETITIONER NEEDED TO PURSUE OTHER REMEDIES BEFORE HE CAN CLAIM DENIAL OF MEANINGFUL ACCESS TO THE STATE AND FEDERAL REVIEWING COURTS

As Respondent has appeared before this Court, countless times, asking the Court to " Time Bar Petitions by Ohio Prisoners, who made the fatal mistake of pursuing Administrative Remedies and other State Court Procedures that are not tolled under the One Year Statute of Limitations before filing their Petition before the Court ".

As Respondent must be made to pick an argument and stick with it. As the only tolling provisions for the One Year Statute of Limitations are the ones outlined in 28 U.S.C. §2244, and Respondent is fully aware of the fact that a " Denial of Access to a Copy of the Trial Transcript does not toll the One Year Statute of Limitations ", 28 U.S.C. §2244(d)(1)(B).

And Respondent is also fully aware of the fact that had the Petitioner pursued any of the other filings and/or remedies Respondents

(3)

suggests, that the Petition would than have been asked to be time barred under 28 U.S.C. §2244(d)(2), by Respondent.

As Ohio Prisoners face some of the most unforgiving time bars in this Country, and failure to timely file under any of them will without question cause this Court to Time Bar their Petition, no matter if their constitutional arguments have merit or not.

Plus a claim of being denied meaningful access to the State and Federal reviewing Courts clearly calls into question all factors relevant to that substantial constitutional question. And it is simply shown to be self-evident, that the Ohio Courts failed to conduct an evidentiary hearing on that Federal Constitutional Claim.

Plus Respondent again disputes the findings of the United States Supreme Court in Bounds at III 832-833

3. THE LACK OF AN ELECTRONIC FILING SYSTEM FOR OHIO PRISONERS IS WITHOUT QUESTION A KEY FACTOR IN DETERMINING IF THEIR ACCESS TO THE STATE AND FEDERAL REVIEWING COURTS IS MEANINGFUL

As the Court must dully note that Respondent used the Electronic Filing System to Answer the Petitioners Petition. So why should only Private Lawyers and State Lawyers be able to use that system.

As Respondent claims that the Petitioner should have spent his money on " Postage and Copies ", to insure that his State Court filings went out of the Institution timely.

Plus Respondent says nothing at all about the various Computers inside the Institution for Staff use only, openly suggesting that a Prison's rights are by no means equal to anyone else. As there are various Phone Lines and various Computers in every Ohio Prison, yet, not even One (1) can be ran by a member of the staff to complete such an easy task.

(4)

As why should an Ohio Prisoner be required to pay Postage Costs and Copy Costs, that no State Lawyer pays, unless they are sending it to an Ohio Prisoner.

Plus in this matter, the Petitioner should have been able to obtain the " Information from his Trial Transcript ", using the very same Electronic System, had the Ohio Department of Corrections simply made it available to him.

As a criminal conviction does not serve to reduce a persons constitutional rights of meaningful access to the Courts. And given the undisputed fact, that Electronic Filing Systems are now in every Court in this Land, Ohio Prisoners must be granted that right.

And Respondents conduct violates several portions of the <u>Bounds Opinion</u>, and clearly raises " New Constitutional Questions ", that must now be considered in light of the fact that Respondent does not make the Electronic Filing System available to Prisoners.

And Respondent did not present one argument that " Providing access to an Electronic Filing System ", would somehow raise Security concerns. As it would not. As such a System could be maintained and used by a Single Member of the Prison Staff, thereby, removing any concerns whatsoever of the System being mis-used by a Prisoner.

Plus any Questions the Court may have over the Day-to-Day Operations of such a System, are clearly Questions of Fact resolvable in an Evidentiary Hearing in this matter.

For there is not One (1) Law Firm nor State Office that does not use that Electronic Filing System, nor would any of them employ any Law Clerk who was not fully capable of using that System.

Therefore, the United States Supreme Court stated in <u>Bounds</u>, " The

(5)

fundamental constitutional right to access to the courts held to require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law ", Bounds Syllabus 817.

Wherefore, Petitioner's argument is that Respondent is not living up to the constitutional requirements of Bounds, as the Electronic Filing System has been available for several years now, and the denial of access to that System, undermines a Prisoners ability to pursue various Legal Procedures in any kind of a meaningful manner.

Plus Petitioner has several Co-Defendants and access to ' all information found within any of their trial transcripts that would support the legal and/or constitutional merit of a claimed constitutional right violation by Petitioner ', should also be made available by a Computer System within the Prison's Law Library.

Wherefore, it's simply shown to be self-evident that Respondent cannot look this Court in the eyes and honestly say " that Prisoners are given meaningful access to all information needed to properly frame and present constitutional arguments before the Ohio reviewing Courts or before this Court for review, nor can Respondent claim that meaningful assistance is made available to prisoners for the purpose of filing their legal papers before those reviewing Courts ".

## CONCLUSION

The main issue in this matters relates to the Denial of Access to a copy of the Trial Transcript, and Respondents practice of making Prisoners such as Petition pre-pay the costs of Copies and Postage before their Legal filings are permitted to leave the Institution.

(6)

And it's simply self-evident that Respondents failure to provide an Electronic Filing System and a Computer System that provides Access to the Trial Court Record for Prisoners, is a main part of the problems that undermined the Petitioners ability to pursue his Appellate remedies in the Ohio reviewing Courts.

Plus Respondent has chosen not to file the Petitioners Trial Transcript before this Court, to insure that the Petitioner is not able to point to any ' substantial constitutional right violation that could have been presented to the Ohio reviewing Courts '.

Plus Respondent claims that the Petitioners Appellate Counsel was given a copy of the Trial Transcript, but, fails to offer any Document that would support that claim. As Appellate Counsel appears to have used the Trial Transcript to file the Petitioners Appellate Brief, but that does not mean he had his own copy, as it's common practice for Appellate Lawyers to simply use the Clerk of Courts copy, and than return it after they have completed that Brief.

And no matter the outcome of Appellate Counsel's answers to those critical questions of fact, it's still clear that the Petitioner was never afforded a copy or access to a copy, for the purpose of framing and presenting constitutional issues to the Ohio reviewing Courts.

Therefore, a clear violation of the Petitioners constitutional rights has taken place, and that violation alone warrants the granting of this Petition. As the United States Supreme Court, " Required that the Prisoner be afforded access to a copy of the Trial Transcript ", <u>Bounds at 822.</u>

And Respondents failure to provide a " Meaningful and Fundamentally Fair manner of Filing Legal Papers within the Ohio and Federal reviewing

(7)

Courts ", just adds to that substantial constitutional rights violation, Bounds at [3-6] 824-825.

And it's also shown to be self-evident that a Mandatory Evidentiary Hearing must now be held by the Court, as Respondents defense claims that the Petitioners Appellate Counsel was provided a copy of the Trial Transcript, but, that question of fact was never addressed nor resolved in the Ohio Courts. Plus the Court must also confront the Day-to-Day Access provided to Prisoners at the Mansfield Correctional Institution to than declare if Respondent is also guilty of failing to " provide the kind of meaningful assistance required under Bounds ".

As the practice of requiring pre-payment of copies and postage before Legal Papers are permitted to be Mailed out of the Institution, clearly violates the requirements of Bounds.

And the complete lack of any Electronic Filing System and Computer research System of the Trial Courts Record, also poses some very real and valid questions about a prisoners ability to frame and properly present possible constitutional right violations to any court of law.

Wherefore, this Court must now openly reject each and every one of Respondents arguments and/or defenses. As they are by no means correct, and should never be considered as such.

Respectfully submitted,

By: _Daniel Grant_

Daniel Grant, Petitioner Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Traverse and/or Response was sent by regular U.S. Mail, postage prepaid, to Counsel for Respondent Gregory T. Hartke Assistant Ohio Attorney General at the Corrections Litigation Section, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, Ohio 44113-1899 on this 5Th Day of August 2008.

By; _Daniel Grant_

Daniel Grant, Petitioner Pro se

Mansfield Correctional Institution

A-494-579   P.O. Box 788

Mansfield, Ohio 44901-0788

(9)