PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL GRANT, | CASE NO. 1:08CV0815 |
| Petitioner, | |
| v. | JUDGE SARA LIOI |
| STUART HUDSON, Warden | MAGISTRATE JUDGE BENITA Y. PEARSON |
| Respondent. | |
| | **REPORT AND RECOMMENDATION** |

 Before the Court, is the petition of Daniel Grant (also "Petitioner") seeking a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. This Report and Recommendation is written in response to that *pro se* petition. ECF No. 1.

 Grant is currently serving an aggregated sentence of life imprisonment with parole eligibility after twenty-eight years, imposed following his 2005 convictions on numerous charges including: four counts of aggravated murder with specifications, two counts of attempted aggravated murder with specifications, two counts of aggravated burglary with specifications, and four counts of aggravated robbery with specifications.[1] ECF No. 7-4.

 In this federal habeas corpus petition, Grant raises a sole claim for relief. Respondent contends that Ground for Relief should be dismissed as a consequence of having been procedurally defaulted in the State courts, or denied on the merits because it is not an issue cognizable under § 2254 because the State court of appeals' adjudication was not contrary to nor an unreasonable application of clearly established federal law. ECF No. 7.

---

[1] Grant was acquitted of two counts of aggravated robbery.

(1:08CV0815)

For the reasons that follow, the undersigned recommends that Grant's sole Ground for Relief be denied and the petition dismissed.

## I. Factual and Procedural Background

The State appellate court's factual findings shall be presumed correct and a petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001). The Cuyahoga County Court of Appeals, Eighth Appellate District, found the facts of the underlying offenses to be as follows:

> Defendant-appellant, Daniel Grant ("defendant"), was indicted, along with four other co-defendants, in a 14-count indictment for the robbery and double homicide of Arman Lovett and Jeff Burton and the attempted homicide of Carolyn Diane Pitts inside the Lady Dee's Snack Pack store on East 79th and Central, Cleveland, Ohio. All of the counts contained multiple firearm, mass murder, felony murder, and escape detection specifications.

ECF. No 7-9.

In his timely filed direct appeal of his convictions, Grant raised the following two assignments of error:

I. The trial court erred and denied appellant his right to a public trial under the Sixth Amendment to the Constitution of the United States and Article I, §§ 10 and 16 of the Constitution of Ohio, when it ordered the removal and exclusion of individuals from the courtroom during appellant's trial without sufficient cause.

II. The trial court erred and denied appellant his right to a public trial under the Sixth Amendment to the Constitution of the United States and Article I, §§ 10 and 16 of the Constitution of Ohio, when it

 barred and excluded persons without identification from the courtroom.

ECF No. 7-7. On April 9, 2007, the appellate court affirmed the convictions. ECF No. 7-9.

On April 16, 2007, Grant's appellate counsel filed a motion for counsel to be appointed to represent Grant before the Supreme Court of Ohio. That court denied the motion without opinion on the following day. ECF No. 7-6.

Two months after that denial, on June 18, 2007, Grant filed a *pro se* notice of appeal and

(1:08CV0815)

motion for delayed appeal with the Supreme Court of Ohio, asserting that his appeal was untimely because he had mistakenly assumed that his appellate counsel had filed a timely notice of appeal.  ECF No. 7-10.

On August 29, 2007, the Supreme Court of Ohio granted Grant leave to file a delayed appeal, and ordered him to file a memorandum in support of jurisdiction within thirty (30) days, or by September 28, 2007.  ECF No. 7-13.  Without explanation, Grant failed to file the memorandum.  As a result, on October 4, 2007, the Supreme Court of Ohio dismissed the appeal for failure to prosecute.  ECF No. 7-14.  There was no further appeal from the dismissal.

Within two weeks of Grant filing the above-referenced notice of appeal and motion for delayed appeal in the Supreme Court of Ohio, in parallel proceedings before the Eighth Appellate District, Grant requested an extension of time to file an application to reopen his direct appeal, pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that his application was untimely because he was "still trying to obtain a copy of his Trial Transcript for the sole purpose of perfecting his Pro se Application."[2]  ECF No. 7-15.  The appellate court summarily denied Grant's motion for extension of time to file a Rule 26(B) application reopening the direct appeal, with citation to Rule 26(B)(2)(b), which requires a showing of good cause for an untimely filing.  No further appeal was taken.  ECF No. 7-16.

On March 27, 2008, Grant filed the instant habeas petition for writ of habeas corpus alleging the following sole Ground for Relief:

> **A.** **GROUND ONE:** Petitioner was denied meaningful access to the Ohio reviewing courts when, 1. he was denied access to a copy of his trial transcript for the purpose of framing and presenting constitutional claimed violations to the Ohio courts, 2. was required to have the funds in his prison account before he could mail his legal filings out of the prison, and 3. was required to have the funds in his prison account before he could make the appropriate number of copies of his legal filings needed to perfect

---

[2] Respondent has provided a copy of the appellate court docket indicating that seven volumes of the trial transcript were filed with the appellate court by Grant's appointed attorneys for purposes of direct appeal.  ECF. No. 7-6 at 3.

3

(1:08CV0815)

his state court filings.³

ECF No. 1. In the memorandum in support of his petition for writ of habeas corpus, Grant provides further insight into his claims of denial of meaningful access to the courts by asserting: (1) that Ohio Department of Corrections should "create an Electronic Filing System that would allow a member of their staff to download those documents, records and transcripts upon request of a Prisoner[;]" (2) that the Mansfield Correctional Institution should change its policy "that states 'That a Prisoner may not receive more than Five (5) Pages of Legal Material in the Mail, unless it comes from an Attorney or a Clerk of Courts office[;]'" (3) that the Mansfield Correctional Institution should change another policy "requiring a 'Prisoner to maintain their Legal Material as part of their overall 2.4 cubic feet of personal property[;]'" and (4) that this Court should "investigate[ ] the policy's [sic] being used against Prisoners who pursue their Appellate rights, and then declare if the Department of Corrections indeed does afford them meaningful access to the Ohio and Federal reviewing courts."

ECF No. 1-1.

## II. Discussion

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal habeas corpus review. Relevant gateways and their application to the instant petition are discussed below.

**A. Jurisdiction**

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for

---

³ Although Grant describes three bases for his alleged denial of access, the undersigned finds that, overall, he presents only one ground for relief.

(1:08CV0815)

>the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d).

Grant was convicted in the Court of Common Pleas, Lake County, Ohio within the Northern District of Ohio and remains incarcerated.[4] The Court, therefore, has jurisdiction over Grant's petition for a writ of habeas corpus.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996, effective date. 28 U.S.C. § 2244(d); *McCray v. Vasbinder,* 499 F.3d 568, 571 (6th Cir.2007). The provisions of the AEDPA are controlling herein as the instant petition was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997).

Grant's petition was timely filed in accordance with AEDPA and its codification in 28 U.S.C. § 2244(d).

### C. Procedural Default

In the instant case, Respondent asserts that Grant's Ground for Relief has been procedurally defaulted by his failure to appeal to the State Supreme Court the appellate court's denial of an extension of time to file his Rule 26(B) application to reopen his direct appeal, and his failure to exhaust the administrative and civil rights remedies available to him for challenging the prison's postage and mailing rules.

Before filing a petition in federal court, a petitioner must present his constitutional claims fairly to the highest State court in a federal constitutional context. *See Picard v. Conner*, 404 U.S. 270, 275-78 (1971). A petitioner must have availed himself of all accessible State remedies, through

---

[4] *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Grant's incarceration).

(1:08CV0815)

a motion or petition for review by the State's highest. *Granberry v. Greer*, 481 U.S. 129, 133 (1987). This requirement, although not of a jurisdictional nature, is based upon issues of comity, allowing the State the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus proceeding. *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

A claim is deemed exhausted even if it has not been presented to the State's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the State courts if the last State court rendering a decision makes a plain statement of such State procedural default. *Harris v. Reed*, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a State's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Under this standard of review, a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." *Id.* at 84. Dismissal due to the procedural default is not based upon the merits of the underlying case. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

When a habeas petitioner has failed to comply with an adequate and independent State procedural rule, causing a default of his or her federal constitutional claims, the cause and prejudice test is applied to determined if the failure to exhaust can be excused. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). The Sixth Circuit, in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), delineated a four-part approach for determining whether a habeas corpus petitioner's claim is barred by the failure to observe a State procedural rule. First, the district court must determine whether there exists a State procedural rule with which the petitioner failed to comply. Then the court must determine whether the State court enforced the

6

(1:08CV0815)

sanction for failure to comply. If so, it must then be decided whether failure to comply with the State procedural rule constitutes an adequate and independent ground for barring federal review. If these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in *Wainwright*, 433 U.S. at 138.

In the present case, although Grant failed to file a timely direct appeal with the Supreme Court of Ohio, that Court granted his motion for leave to file a delayed appeal and ordered Grant to file a memorandum in support of jurisdiction within thirty (30) days. Grant failed to file the memorandum in support, causing the Supreme Court to dismiss his appeal for want of prosecution. Had Grant followed the instructions of the Supreme Court of Ohio, he could have raised his claims that his appellate counsel had violated his constitutional rights by withholding materials he needed to pursue issues on appeal.

Rule 3.1 of the Rules of Practice of the Supreme Court of Ohio–a State procedural rule–requires the filing of a memorandum in support of jurisdiction. The Supreme Court of Ohio enforced that rule by dismissing Grant's appeal for want of prosecution. Applying the *Maupin* factors, Grant's failure to comply with Rule 3.1 constitutes an adequate and independent ground for barring review of the federal constitutional claim, given that Rule 3.1 is well-established and regularly followed. *See* Nethers v. Sheldon, 2010 U.S. Dist. LEXIS 115749, *13 (S.D. Ohio 2010) (finding that a petitioner's failure to file a timely memorandum in support of his motion for delayed appeal and the state court's subsequent dismissal of the motion for failure to prosecute constitutes an independent and adequate state ground to bar review of federal habeas claims); *see also Schroyer v. Moore*, 2007 U.S. Dist. LEXIS 63811, *22 (S.D. Ohio 2007) ("In so ruling, the court clearly and expressly relied on both an independent and adequate state ground stemming from petitioner's noncompliance with the court's well-established and regularly-followed written procedural rules governing the timing and filing of the requisite appeal documents.") ; *see also James v. Warden*, 2007 WL 2326867,*4 (S.D. Ohio 2007) ("Dismissals for failure to comply with a court order and for want of prosecution involve a 'firmly established and regularly followed' practice utilized by all courts, not only the courts of

(1:08CV0815)

Ohio."); *see also Levy v. Ohio*, 2008 U.S. Dist. LEXIS 8726, *15 (N.D. Ohio 2008) (noting that res judicata bars petitioner from presenting his claims to the Ohio Supreme Court under these circumstances).

Grant also failed to comply with a State procedural rule in the parallel proceedings before the Ohio Eighth District Appellate Court during which he sought to have his direct appeal reopened. The Eighth District Appellate Court denied Grant's motion for extension of time to file his Rule 26(B) application to reopen direct appeal because Grant had failed to follow another State procedural rule–Rule 26(B)(2)(b) of the Ohio Rules of Appellate Procedure–which provides that there must be a showing of good cause for the untimely filing of a Rule 26(B) application if it was filed more than ninety (90) days after journalization of the appellate judgment.[5] Upon enforcing Rule 26(B), the appellate court found that Grant's failure to comply was valid reason to deny the application to reopen, thereby satisfying the first two elements of the *Maupin* test. Rule 26(B)'s requirement of a showing of good cause for untimely filings is well-established and regularly enforced, constituting adequate and independent State procedural rule. *State v. Young*, Cuyahoga App. No. 78058, 2007 Ohio 6481; 2007 Ohio App. LEXIS 5673, *P8 (2007), citing, *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, 1987 Ohio App. LEXIS 7430, reopening disallowed 2005 Ohio 5797, Motion No. 370333; *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, 1999 Ohio App. LEXIS 3228, reopening disallowed 2005 Ohio 5796, Motion No. 370916. Failure to comply with Rule 26(B) constitutes procedural default of Grant's sole Ground for Relief. *Bonilla v. Hurley, supra*. at 497; *Simpson v. Jones*,

---

[5] That ruling was consistent with Ohio case authorities holding that failure to obtain a transcript is not good cause for the untimely filing of a Rule 26(B) application to reopen. *State v. Sweeney* (1999), 131 Ohio App.3d 765, 769, 723 N.E.2d 655, citing *State v. Simms* (Aug. 13, 1998), Cuyahoga App. No. 69314, 1998 Ohio App. LEXIS 3848, unreported, 1998 WL 518165. The appellate court's ruling made it clear that there would be no point to granting the extension in response to Petitioner's claim that he needed to obtain another copy of the trial transcript, as there would nonetheless be no showing of good cause for the untimely filing of his Rule 26(B) application to reopen, which negates the Respondent's contention that Petitioner still has that remedy available to him.

8

(1:08CV0815)

238 F.3d 399, 406 (6th Cir. 2000); *Barkely v. Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002).

Grant has not made a persuasive showing of the cause and prejudice required to excuse his procedural default. In the absence of cause and prejudice, Grant's procedural default can still be waived, if he is able to demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749-50. Demonstrating a fundamental miscarriage of justice generally requires a claim of actual innocence. *Id*. The record before the Court reflects that Grant has failed in this respect as well.[6] Grant's failure to justify his procedural default renders his sole ground for relief subject to denial.[7]

### D. **Cognizability**

Apart from being procedurally defaulted, Grant's sole Ground for Relief is also inappropriate for a federal proceeding. Grant aptly summarized the crux his Ground for Relief in his Traverse: "The main issue in this matter[] relates to the Denial of Access to a copy of the Trial Transcript, and Respondents practice of making Prisoners such as Petition[er] pre-pay the costs of Copies and Postage before their Legal filings are permitted to leave the Institution." ECF No. 8 at 7. Grant asserts entitlement to relief *via* habeas corpus based upon his belief, that for several reasons, he was denied access to his trial transcript in violation of his federal constitutional rights. He seeks to change the State procedures he perceives as having hindered

---

[6] The record before the Court does not indicate that Grant raised a claim of actual innocence nor did he make an evidentiary showing to support that claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that in order to demonstrate actual innocence, it "requires petitioner to support his allegations of constitutional error with new reliable evidence").

[7] Respondent's assertion that the Ground for Relief raised by Grant is procedurally defaulted by reason of his failure to exhaust administrative remedies available within the prison system and civil rights remedies set forth in 42 U.S.C. §1983 is without merit. As explained previously, exhaustion in the context of a federal habeas corpus petition is not jurisdictional in nature, but rather is based upon issues of comity, allowing the State courts the opportunity to correct any constitutional violation that may have occurred in their courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus proceeding. *Hafley v. Sowders*, 902 F.2d at 482. Respondent's argument more appropriately questions Grant's choice of remedies, not procedural default.

9

(1:08CV0815)

his ability to obtain a copy of his trial transcript.

Grant's premise is without merit for several reasons. The appellate court docket clearly shows that Grant, through his attorneys, had a copy of the trial transcript in order to prepare his assignments of error on direct appeal. ECF. No. 7-6 at 3. In fact, Grant's brief on direct appeal cited pages of the trial transcript. ECF. No. 7-7. The record before the Court undermines Grant's claim that he was deprived of a trial transcript.

To the extent that Grant had difficulty securing *another* or *duplicate* copy of the trial transcript, there is no indication that the outcome of a delayed reopened appeal would have differed from the outcome on direct appeal when he and his representatives clearly had access to the transcript during the initial unsuccessful appeal.

Accordingly, the Court finds Grant's ground for relief not cognizable in this federal habeas corpus proceeding. Grant's aspiration of changing the procedure employed by the Ohio State courts and prison system cannot be remedied by means of a petition for writ of habeas corpus, as explained by the United States Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. §2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. §1979, as amended, 42 U.S.C. §1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a §1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

*Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). Thus, where success on a claim for relief *would necessarily* result in a determination of the invalidity of confinement or duration of confinement, habeas corpus is the appropriate remedy. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). That is not the circumstance in the instant case. Success on Grant's ground for relief

10

(1:08CV0815)

would not necessarily result in changes to Ohio State procedure and better access to Grant's trial transcript. Thus, allowing him to mine the transcript in hopes of *possibly* finding a violation of his federal constitutional rights in order to present such a violation to the State courts could only be deemed a "second bite at the apple." Grant's ground for relief is not a "core challenge" upon which relief in habeas corpus can be granted.

In light of the foregoing, the undersigned concludes that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

### E. Requests for Evidentiary Hearing

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2).

Because Grant's ground for relief involves legal issues that can be resolved without additional factual inquiry, there is no need for an evidentiary hearing in the instant case.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned Magistrate Judge recommends denying Daniel Grant's sole ground for relief and dismissing the habeas corpus petition in its entirety without further proceedings and with prejudice. The undersigned also finds Grant's request for an evidentiary hearing unnecessary, and as a practical matter, moot.

November 23, 2010  s/ *Benita Y. Pearson*
Date  United States Magistrate Judge

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).